Case 2:19-cv-00344   Document 16   Filed on 10/19/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LAURA BARRERA METTING, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-344 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Laura Barrera Metting filed her complaint (D.E. 1), seeking reversal of the administrative decision to deny her social security disability benefits. The parties submitted their briefs (D.E. 10, 13), which United States Magistrate Judge Julie K. Hampton construed as competing motions for summary judgment. On June 12, 2020, Magistrate Judge Hampton issued her Memorandum and Recommendation ("M&R") (D.E. 14), recommending that Metting's motion be denied, the Commissioner's motion be granted, and Metting's action be dismissed. Now before the Court are Metting's objections (D.E. 15) to the M&R. The Commissioner did not file a response. For the reasons discussed below, the Court **OVERRULES** Metting's objections and **ADOPTS** the findings and conclusions in the M&R.

### BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2017, Metting filed applications for disability insurance benefits and supplemental security income, alleging a disability beginning on February 2, 2017. Adm. Rec. p. 230–38, 240–44; D.E. 6-6 p. 6–14,16–20. Her claim is based on carpal

tunnel syndrome, depression, anxiety, high blood pressure, sciatica, shoulder problems, and migraines. Adm. Rec. p. 231; D.E. 6-6 p. 7.  The Commissioner denied Metting's initial application on June 19, 2017, and on reconsideration on October 17, 2017. Adm. Rec. p. 141, 150; D.E. 6-5 p. 7, 16.  On November 30, 2018, the Administrative Law Judge (ALJ) held a hearing and issued an unfavorable decision on February 21, 2019. Adm. Rec. p. 15–27, 33; D.E. 6-3 p. 16–28, 34.  Subsequently, on November 15, 2019, Metting commenced this action. D.E. 1.

## STANDARDS OF REVIEW

### A. Magistrate Judge's Memorandum and Report

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Administrative Determination

Judicial review of the Commissioner's final decision is limited to whether it is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A court must consider the record as a whole and the substantiality of the evidence "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## DISCUSSION

Metting argues that the Magistrate Judge erred by concluding that substantial evidence supports the ALJ's Listings analysis and residual function capacity (RFC) determination.[1] D.E. 15.

---

[1] In evaluating a disability claim, the Commissioner is required to conduct a five-step sequential analysis to determine:
  (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working);
  (2) whether the claimant has a severe impairment;
  (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart [P], Appendix 1 (Listings);
  (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his [or her] old job); and

### A. The ALJ's Listings Analysis Is Supported by Substantial Evidence

Metting argues that the Magistrate Judge erred because: (a) the Magistrate Judge and the ALJ disregarded Dr. Leif Leaf's opinion and his opinion should be given controlling weight because it was the only mental impairment opinion in the record; and (b) the Magistrate Judge improperly considered Metting's daily activities in determining whether the ALJ's Listing analysis was supported by substantial evidence. D.E. 15 p. 1–3.

In order to meet Paragraph B of the Listings,[2] the mental disorder must result in extreme limitations of one or marked limitations of two of the four areas of mental functioning. 20 C.F.R. Part 404, Subpart P, App'x 1, § 12.00 (A)(2). The four areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id*.

**Dr. Leaf's Opinion.** Dr. Leaf first concluded that Metting possessed the following mental limitations: mild limitations to understand, remember, or apply information; marked limitations to interact with others; moderate limitations to concentrate, persist, or maintain pace; and moderate limitations to adapt or manage oneself. Adm. Rec. p. 106–

---

    (5)  whether the impairment prevents the claimant from doing any other work.
*Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

[2] The Listing of Impairments describes, for each major body system, impairments considered severe enough to prevent an individual from doing any gainful activity. If an individual meets the requirements established in the Listings, that individual is considered disabled. *Randall v. Astrue*, 570 F.3d 651, 653 (5th Cir. 2009). For mental disorders under section 12.00, a claimant must satisfy the requirements of two different criteria—Paragraphs A (a set of medical findings) and B (a set of impairment-related functional criteria). Certain mental disorders also require the satisfaction of Paragraph C. *See Blancas v. Astrue*, 690 F. Supp. 2d 464, 468 (W.D. Tex. 2010).

07; D.E. 6-4 p. 33–34. On its face, Dr. Leaf's opinion regarding Paragraph B of the Listings does not support Metting's claim.

However, when he turned to Metting's RFC, Dr. Leaf concluded that Metting has marked limitations in her ability to have sustained concentration and persistence. Adm. Rec. p. 110–12; D.E. 6-4 p. 37–39. Metting argues that, because they address similar functions, Dr. Leaf's findings of marked limitations in her ability to have sustained concentration and persistence with respect to her RFC should apply equally to or override his finding of moderate limitations in her ability to concentrate, persist, or maintain pace under his Listings analysis, satisfying the requirements for her disability claim.

**Reconciling Dr. Leaf's Opinion**. Metting does not ask this Court to determine whether the Magistrate Judge and the ALJ improperly disregarded Dr. Leaf's opinion. Instead, she asks this Court to resolve the potential evidentiary conflict in her favor by giving Dr. Leaf's RFC findings more weight. It is not the Court's role to reweigh the evidence and determine whether one part of Dr. Leaf's findings should take precedence over another part. Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman,* 1 F.3d at 360. Because a portion of Dr. Leaf's opinion supports the ALJ's Listing analysis, the ALJ's decision is supported by substantial evidence.

**Other Medical Evidence**. Dr. Leaf's opinion was not the only medical evidence in the record. First, on June 14, 2017, Dr. Richard Alexander found the following with regard to Paragraph B of the Listings: mild limitations to understand, remember, or apply information; no limitations to interact with others; mild limitations to concentrate, persist,

or maintain pace; and no limitations to adapt or manage oneself. Adm. Rec. p. 91; D.E. 6-4 p. 18.  Dr. Alexander found no marked or extreme limitations.

Second, Metting visited Dr. Fernando Carreno in November 2016. Adm. Rec. p. 589; D.E. 6-10 p. 23. During this visit, Metting reported that her anxiety was controlled with medication, and she was satisfied with her treatment. Adm. Rec. p. 589; D.E. 6-10 p. 23.  Similar findings were reported in December 2016, January 2017, and February 2017. Adm. Rec. p. 591, 594, 599; D.E. 6-10 p. 25, 28, 33.

Third, on September 18, 2017, Metting visited Dr. Sharon Rogers, a psychologist. Adm. Rec. p. 629–32 D.E. 6-10 p. 63–66.  Dr. Rogers found that Metting's prognosis was fair with appropriate treatment and medication. Adm. Rec. p. 632; D.E. 6-10 p. 66. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988) (conditions controlled by medication are not disabling).

Because other medical evidence supports the ALJ's decision, the decision is supported by substantial evidence.

**Metting's Daily Activities**.  The Magistrate Judge did not err by relying on Metting's ability to regularly take medication and visit doctors in determining her disability under Paragraph B of the Listings. D.E. 15 p. 3–4.  It is appropriate to consider a plaintiff's daily activities in determining a disability. *Leggett v. Chater,* 67 F.3d 558, 565 n.12 (5th Cir. 1995).

The Court **OVERRULES** Metting's objection with respect to the Listings analysis.

**B. The ALJ's RFC Determination Is Supported by Substantial Evidence**

In her second objection, Metting argues that the Magistrate Judge erred by citing to medical evidence that was outside of the relevant time period and by relying on Dr. Rogers's prognosis, which Metting argues has nothing to do with her ability to work. D.E. 15 p. 3–4. Metting's second objection is also without merit.

The Magistrate Judge did not err by considering evidence before the relevant time period. Metting can claim benefits from February 2, 2017 (alleged onset of disability), to June 30, 2022 (last day meets insured status requirements). *See Huet v. Astrue*, 375 F. App'x 373, 374 n.1 (5th Cir. 2010) (benefits can be claimed from onset date to date last insured). Both the Magistrate Judge and the ALJ cited to medical evidence before and during that time period. Adm. Rec. p. 22–24; D.E. 6-3 p. 23–25, D.E. 14 p. 14. This is consistent with the Fifth Circuit's holding that evidence outside of the relevant time period can be used in determining a disability. *Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014).

Finally, the Magistrate Judge did not err by relying on Dr. Rogers's opinion. Dr. Rogers indicated that Metting's prognosis was fair with appropriate treatment and medication. Her opinion, consistent with other medical evidence in the record, provided support for the ALJ's RFC determination.

## CONCLUSION

Having reviewed the factual findings, legal conclusions, and recommendations set forth in the Magistrate Judge's M&R (D.E. 14), Metting's objections (D.E. 15), and all other relevant documents in the record, the Court **OVERRULES** Metting's objections

and **ADOPTS** as its own the findings and conclusions in the M&R. Accordingly, the Court **DENIES** Metting's motion for summary judgment, **GRANTS** the Commissioner's motion for summary judgment, **AFFIRMS** the Commissioner's decision, and **DISMISSES** Metting's action (D.E. 1).

ORDERED this 19th day of October, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE